IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

EDDIE WALLACE,                           )
                                         )
                Petitioner,              )
                                         )
                                         )        CIV-14-1245-D
v.                                       )
                                         )
MIKE ADDISON, Warden,                    )
                                         )
                Respondent.              )

SUPPLEMENTAL  REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner is challenging on due process

grounds the finding of guilt and sanctions entered against him in an institutional disciplinary

proceeding conducted at the Joseph Harp Correctional Center ("JHCC"), where he is

incarcerated. The matter has been referred to the undersigned Magistrate Judge for initial

proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily

reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States

District Courts.[1]  For the following reasons, it is recommended that the Petition be denied.

I. History

Documentary evidence attached to the Petition reflects that on October 3, 2013,

Petitioner was charged with the misconduct of Possession of Cell Phone.  A description of

_____

[1]In the Court's discretion, Rule 4 is applied to this 28 U.S.C. § 2241 habeas action. Rule 1(b),
Rules Governing Section 2254 Cases in the United States District Courts.

the incident appearing on the Offense Report states: "inmate Wallace . . . removed a cell phone from his rectum and flushed it." Petition, Exhibit 2. Petitioner received a copy of the offense report on October 15, 2013.

The reporting correctional officer, Mr. Armstrong, completed an incident/staff report on the same date in which the officer stated that "[o]n the above date and approx[imate] time, while strip shurching [sic] inmate Wallace he removed a cell phone from his rectum and threw it in the tolit [sic] and flushed it. He then pulled up his boxers and put his hands out to be cuffed up. I cuffed him and took him out to the day room where he was removed from the unit." Petition, Exhibit 1.

An investigator's report reflects that a statement was taken from an inmate, Mr. Thompson, and attached to the report. Petition, Exhibit 2, at 2. In Mr. Thompson's statement, the witness stated that he "was in the cell with Inmate Wallace at the time of the shakedown (10-3-13). I did not witness Inmate Wallace have anything or flush anything. We both was stripped search [sic] and taken to the holding cell." Petition, Exhibit 2, at 3. Petitioner received a copy of the investigator's report and attachments on October 15, 2013. Petition, Exhibit 2, at 2.

A disciplinary hearing was conducted at JHCC on October 24, 2013, with respect to the charged misconduct, and at the conclusion of the hearing Petitioner was found guilty by the disciplinary hearing officer. The report of the disciplinary hearing includes a statement of the evidence relied on to support the finding of guilt, which was "Sgt. Armstrong's misconduct and Incident Report that states he saw offender Wallace remove a cell phone

from his rectum and flush it down the toilet." Petition, Exhibit 3. Sanctions imposed for the misconduct included 30 days in disciplinary segregation and the loss of 365 days of earned credits. The sanctions was affirmed by the facility head, and Petitioner received a copy of the disciplinary hearing report on October 24, 2013.

Petitioner appealed the misconduct administratively, alleging that there was no evidence to support the finding of guilt. Petition, Exhibit 4. A reviewing official found that Petitioner was not entitled to relief as "[t]he incident report from Sgt. Armstrong was the evidence relied upon for your finding of guilt," and JHCC Warden Addison affirmed the misconduct. Petition, Exhibit 5. The Oklahoma Department of Corrections' Director's Designee affirmed the misconduct and sanctions, finding there was sufficient evidence to support the misconduct Petition, Exhibit 6.

Pursuant to Okla. Stat. tit. 57, § 564.1(D), Petitioner sought judicial review of the misconduct in the District Court of Oklahoma County and the Oklahoma Court of Criminal Appeals ("OCCA"). Petition, Exhibit 7. On October 10, 2014, the OCCA entered an Order Affirming Denial of Requests for Relief in Eddie Wallace fo Oklahoma Department of Corrections, Case No. REC-2014-704. Petition, Exhibit 8. The OCCA concluded it could "find no evidence in the record presented to this Court supporting Wallace's claim that he was denied due process in his disciplinary hearing" and affirmed the district court's decision denying Petitioner's request for relief.

II. Due Process in Disciplinary Proceedings

Now before this Court Petitioner contends, as he did in his administrative and state

judicial review proceedings, that there was insufficient evidence presented to support the finding of guilt in the disciplinary hearing conducted at JHCC on October 24, 2013.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Nevertheless, "an inmate's liberty interest in his earned good time credits cannot be denied 'without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir. 1991)(quoting Ponte v. Real, 471 U.S. 491, 495 (1985)).

When a prison disciplinary proceeding may result in the loss of earned, or good conduct, credits, due process requires that the inmate receive "(1) advance written notice of the disciplinary charges, (2) an opportunity, when consistent with institutional safety and correctional goals, to present witnesses and documentary evidence in his defense, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1984). The revocation of earned credits must also be supported by "some evidence" in the record in order to comport with due process in these circumstances. Id.

A review of institutional disciplinary proceedings based on this standard does not require "examination of the entire record, independent assessment of the credibility of witnesses or weighing the evidence." Id. at 455. Rather, the issue is simply "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-456. Thus, this Court's review of Petitioner's disciplinary proceeding is

"limited to whether the three steps mandated by Wolff were followed and whether there was some evidence to support the disciplinary [hearing officer's] findings." Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996).

The documentary evidence in this case clearly shows that Petitioner received all of the process he was due in the challenged disciplinary proceeding and that there was some evidence to support the finding of guilt. Petitioner asserts that there was conflicting evidence presented at the disciplinary proceeding because inmate Thompson stated he did not witness Petitioner have anything or flush anything. However, Petitioner misinterprets the prevailing deferential standard of review. The disciplinary hearing officer relied on the reporting officer's consistent statements in the incident/staff report and offense report that he witnessed Petitioner with a cell phone in his possession to support the disciplinary decision.

It is not this Court's function to independently weigh the credibility of the witnesses or to reweigh the evidence. Even a "meager" quantum of evidence is adequate to uphold a disciplinary decision. Hill, 472 U.S. at 457; Mitchell, 80 F.3d at 1445. Moreover, no corroborating evidence is necessary when disciplinary officers rely on an incident report. Longstreth v. Franklin, 240 Fed. Appx. 264, 267 (10th Cir. 2007)(unpublished op.). See Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996)(it is not reviewing court's "job to address the validity of [the] evidence" used to support disciplinary decision).

Petitioner had adequate notice of the conduct he was charged with, he was given a hearing after notice of the charged misconduct and allowed to present evidence in his defense, and he was provided an adequate description of the reasons for the finding of guilt.

Finally, the reporting officer's incident/staff report and offense report provided some evidence to support the Petitioner's disciplinary conviction. Petitioner's due process challenge is therefore without merit.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED. Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by December 29th, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   8th   day of    December   , 2014.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE