IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDDIE WALLACE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-1245-D |
| | ) | |
| MICHAEL K. ADDISON, Warden, | ) | |
| Joseph Harp Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This matter is before the Court for review of the Supplemental Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Judge Purcell recommends that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 be denied because Petitioner's claim regarding a prison disciplinary proceeding does not provide a basis for habeas relief. Petitioner has filed a timely written objection. Thus, the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner who appears *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 based on a claim that he was denied constitutional due process with respect to a 2013 prison disciplinary conviction and a loss of earned credits for possession of a cell phone. In the Report, Judge Purcell conducts a preliminary review of the Petition,

as supplemented, and finds that "Petitioner received all of the process he was due in the challenged disciplinary hearing and that there was some evidence to support the finding of guilt." *See* Report [Doc. No. 9], p.5.[1]

In his Objection, Petitioner objects to the findings stated in the Report and contends that Judge Purcell erred in determining there was sufficient evidence to support his disciplinary conviction. In particular, Petitioner contends that the officer whose accused hi of misconduct, and whose statement in an incident report was used to supported the conviction, did not actually witness Petitioner flush a cell phone down a toilet. Petitioner contends the toilet was flushed before the officer entered the cell and the officer did not actually see a cell phone. Petitioner relies on the statement of a cell mate that he did not see Petitioner "have anything or flush anything." *See* Pet., Ex. 2 [Doc. No. 1-2], p.3 (ECF numbering).

Upon careful review of Petitioner's objection, independent examination of the case record, and *de novo* consideration of the issues, the Court fully concurs in Judge Purcell's analysis. Specifically, the Court finds there was sufficient evidence before the disciplinary hearing officer from which a finding of guilt of the charge of possession of a cell phone could reasonably be made, and there is no allegation that any other requirement of the Due Process Clause was not satisfied. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (stating due process requirements in prison disciplinary proceeding); *Mitchell v. Maynard*, 80 F.3d 1433,

---

[1] Before the Report was issued, Petitioner filed a Motion to Supplement Habeas Petition [Doc. No. 6] to supply a missing page 5 that was not included in the original filing. Although Judge Purcell did not acknowledge the Motion, it appears that the entire Petition [Doc. No. 6-1] was considered.

1445 (10th Cir. 1996) ("decision can be upheld even if the evidence supporting the decision is 'meager'") (citing *Hill*, 472 U.S. at 457); *see also Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 812 (10th Cir. 2007) (statement in officer's incident report regarding possession of contraband was sufficient to satisfy the "some evidence" standard). The Court further finds that because it plainly appears from the Petition and attached exhibits that Petitioner is not entitled to relief, no answer by the Respondent is needed and the Petition should be dismissed. *See* Rules Governing Section 2254 Cases, Rule 4.[2] For the reasons explained by Judge Purcell, the Court finds that Petitioner is not entitled to habeas relief on the constitutional claim asserted and that the Petition should be dismissed.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is adopted. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is DISMISSED. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.[3] A COA may issue only upon "a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at

---

[2] A district court acts within its discretion by applying the Section 2254 Rules to a § 2241 petition. *See Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005).

[3] *See Montez v. McKinna*, 208 F.3d 862, 868-69 (10th Cir. 2000) (requiring a COA to appeal denial of habeas petition brought by state prisoner under 28 U.S.C. § 2241).

least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA will be denied. The denial shall be included in the judgment.

IT IS SO ORDERED this 31st day of December, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE